UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:22-CR-00145-01** |
| **VERSUS** | **JUDGE DRELL** |
| **DAMIEN ROMAIN LAVALAIS** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### RULING AND ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Section 2255 ("Motion") filed *pro se* by Defendant, Damien Romain Lavalais ("Lavalais"). (Doc. 51). Lavalais was indicted with one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (Doc. 11). Lavalais pleaded guilty to distribution of methamphetamine and, in accordance with the plea agreement, the government dismissed the distribution of heroin charge. (Doc. 36). The final presentence report (Doc. 48), which was adopted by the Court without change (Doc. 47), included both counts in the computation of Lavalais's base offense level. Lavalais files the present motion asserting that the presentence report was inaccurate, that the base offense level and "converted drug weight" applied was inaccurate and/or inappropriate, and that he received ineffective assistance of counsel for the failure to fully contest the presentence report and advise him of the consequences of pleading guilty. For the reasons set forth below, Lavalais's Motion is **DENIED**.

I.     FACTUAL BACKGROUND

Lavalais was indicted for one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) on June 15, 2022. (Doc. 11). He accepted a plea agreement in which he agreed

1

to plead guilty to the distribution of methamphetamine count and the government agreed to dismiss the distribution of heroin count. (Doc. 36). According to the stipulated facts document contained in the plea packet that was signed by Lavalais, FBI agents purchased $55.6 \pm 0.2$ grams of a mixture containing a detectable amount of methamphetamine with a purity level of $98 \pm 6\%$ amounting to not less than $54.4 \pm 3.4$ grams of pure methamphetamine from Lavalais through a confidential informant. (Doc. 36-2). The plea agreement and stipulated facts make no reference to any heroin transaction except to note that the government agrees to "dismiss the remaining count of the indictment after sentencing, and it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation which forms the basis of the indictment." (Doc. 36). Lavalais pleaded guilty in open court on January 3, 2023 to count one of the indictment. (Doc. 34).

The preliminary presentence investigation report ("PSR") was filed on March 1, 2023. (Doc. 38). The PSR computed Lavalais base offense level as 30 using the Federal Sentencing Guidelines. (Doc. 38). This computation was done using a drug quantity of 55.6 grams of Methamphetamine (actual) and 28.49 grams of Heroin, extrapolated to 1,112 kg and 28.49 kg of converted drug weight respectively, for a combined converted drug weight of 1,140.49 kg. (Doc. 38). The PSR identified Lavalais as a career offender pursuant to U.S.S.G. § 4B1.1(a) based on multiple prior drug convictions increasing his adjusted offense level to 37. (Doc. 38). Lavalais was then credited 3 points for his acceptance of responsibility resulting in a total offense level of 34. (Doc. 38). Based on the offense level of 34 and criminal history category of VI, the PSR reported a guideline imprisonment range of 262 to 327 months. (Doc. 38).

Lavalais, through counsel, filed multiple objections to the PSR ("Defendant's Objections"). (Doc. 39). Specifically, Lavalais complained of the computation of the converted drug weight

contained in the PSR, the inclusion of his prior convictions in the PSR, his classification as a career offender, the calculation of his total offense level, and the sentencing range suggested by the PSR. (Doc. 39). Lavalais, through counsel, also filed a presentencing memorandum ("PSM"). (Doc. 42). The PSM, unlike Defendant's Objections, did not dispute that his advisory guidelines range was between 262 and 327 months based off a total calculation of 34, including a base level of 30 with 7 additional points added due to his criminal history and the nature of the offense less 3 points for his acceptance of responsibility. (Doc. 42). No substantive changes were made to the PSR in the final presentence investigation report. (Doc. 48).

At sentencing, the Court determined that the applicable total offense level and guideline range comported with the PSR; offense level 34 and guideline range 262 to 327 months respectively. (Doc. 47). The Court, after considering the sentencing guidelines and the 18 U.S.C. § 3553(a) factors, ultimately sentenced Lavalais to 262 months imprisonment with credit for time served. (Doc. 46).

Lavalais did not file an appeal.

Instead, Lavalais has filed the instant Motion seeking a reduction in his sentence asserting that count 2 of the indictment should not have been considered for purposes of calculating his total offense level, that the base offense level calculation of 30 was inaccurate, and asserting policy disagreements with the treatment of pure methamphetamine versus diluted methamphetamine in the United States Sentencing Guidelines. (Doc. 51). Lavalais further asserts that he received ineffective assistance of counsel because his attorney failed to pursue the aforementioned arguments. (Id.).

## II. LEGAL STANDARD

### A. Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255

3

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a *complete miscarriage of justice*." United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962)) (emphasis added); Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300 (1994).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980); Neder v. United States, 527 U.S. 1, 9, 119 S. Ct. 1827, 1833 (1999). For certain "structural" errors, relief follows automatically once the error is proved. Brecht v. Abrahamson, 507 U.S. 619, 629-30, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. Id. at 637-38 (citation omitted); see also United States v. Chavez, 193 F.3d 375, 379 (5th Cir. 1999) (applying Brecht in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998)).

### B. Procedural Default

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. A prisoner may not raise issues in a § 2255 motion, other than ineffective assistance of counsel, that he could have raised on direct appeal. United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. United States v. Frady, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982); United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991). To establish "cause," the defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

### C. Ineffective Assistance of Counsel

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine

adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994).

Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding

unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

### D. United States Sentencing Guidelines and Treatment of Methamphetamine Offenses

The United States Sentencing Guidelines ("USSG") are promulgated by the United States Sentencing Commission. Though they must be considered at sentencing, they are merely advisory. United States v. Booker, 543 U.S. 220, 245-46, 125 S. Ct. 738, 757 (2005) ("[T]he federal sentencing statute…makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges…but it permits the court to tailor the sentence in light of other statutory concerns as well…."). The USSG provides that a person's base level offense for multiple violations of 21 U.S.C. 841(b)(1) should be determined based on all violations "that were part of the same course of conduct or common scheme or plan as the offense of conviction." See U.S. SENTENCING GUIDELINES MANUAL §§ 1B1.3(a); 3D1.2(d); and 2D1.1. The application notes explain that the grouping of multiple counts "does not require the defendant, in fact, to have been convicted of multiple counts." Id. at § 1B1.3, cmt. app. note 5. Rather, where multiple counts exist as part of the same course of conduct or common scheme or plan – i.e. multiple drug sales – the cumulative sales from the counts are used to determine the offense level regardless of whether the defendant is only convicted of a single count. Id.

"Methamphetamine (actual)" refers to the amount of the controlled substance (i.e. pure methamphetamine) contained in a mixture of the substance. Id. at § 2D1.1(c), note (B) to drug quantity table. The USSG explains that if a 10-gram mixture has a 50% purity, then the amount of the controlled substance (actual) is equal to 5 grams. Id. When a mixture or substance contains methamphetamine, the applicable base offense level is the greater of the level determined using

the weight of the Methamphetamine (actual) or the level determined using the weight of the mixture containing the methamphetamine. Id.

Under the USSG, the possession of at least 50 grams of Methamphetamine (actual), but less than 150 grams, results in a base level of 30. Id. at 2D1.1(c). When multiple counts are considered, the USSG suggests the Court use a "converted drug weight" as calculated by the drug conversion tables contained therein. Id. at 2D1.1(c), note (K) to drug quantity table. The "converted drug weight" is not a suggestion of the quantity of the actual illegal substance possessed, but rather seeks to establish a common variable to determine the appropriate penalty when there are various drugs or where there are single counts of drugs not contained on the schedule. Id.

Under the drug conversion tables, 1 gram of Methamphetamine (actual) is the equivalent of 20 kg of converted drug weight and 1 gram of heroin is the equivalent of 1 kg of converted drug weight. Id. at 2D1.1(c) A combined converted drug weight of 1,000 kg but less than 3,000 kg would result in a base offense level of 30. Id.

E. **Consideration of Pro Se Motions**

Courts liberally construe the pleadings of *pro se* litigants and apply less stringent standards to the briefings of *pro se* parties than to those represented by counsel. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). As a result, the Court will consider authorities not cited, but potentially pertinent to Lavalais's claims. See United States v. Reece, 938 F.3d 630, 633 n.2 (5th Cir. 2019) (noting that the court would consider recent Supreme Court developments not briefed). Nonetheless, *pro se* parties must still brief the issues. Grant, 59 F.3d at 524. Mere conclusory allegations are insufficient to raise a constitutional issue and *pro se* litigants are not absolved of the need to advance their own legal and factual analysis. See United States v. Woods, 870 F.2d

285, 288 n.3 (5th Cir. 1989) (per curiam); see also Oliver v. Bankfirst, 552 F. App'x 357, 357 (5th Cir. 2014) (per curiam).

### III. ANALYSIS

#### A. Lavalais's Failure to Appeal Constitutes a Procedural Default Precluding Consideration of His § 2255 Motion

Lavalais failed to raise any of his complaints on direct appeal. The failure to raise these issues on direct appeal is fatal to Lavalais's § 2255 motion. See Willis, 273 F.3d at 595. To raise these issues for the first time on collateral review, Lavalais must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. He has not attempted to do so. Accordingly, Lavalais's claims must be dismissed under the doctrine of procedural default.

#### B. Lavalais Ineffective Assistance of Counsel Claim Fails Because He Cannot Satisfy the Elements of the Strickland Test

Although Lavalais is procedurally defaulted from raising these issues directly *via* his § 2255 motion, he also asserts that he received ineffective assistance of counsel for his attorney's failure to pursue these arguments. Ineffective assistance of counsel claims need not be brought on direct appeal to be considered by a § 2255 motion. Massaro, 538 U.S. at 504. Lavalais claims his counsel was ineffective for failing to: (1) challenge the offense base level of 30; (2) challenge the inclusion of the distribution of heroin count in the computation of the offense base level; and (3) raise policy objections with the treatment of Methamphetamine (actual) compared to diluted methamphetamine in the USSG.

Lavalais pleaded guilty to distributing 55.6 ± 0.2 grams of a mixture or substance containing a detectable amount of methamphetamine with a purity level of 98 ± 6% amounting to not less than 54.4 grams ± 3.4 grams of pure methamphetamine. (Doc. 36-2). Assuming the lower

bound, Lavalais pleaded guilty to distributing more than 50 grams of Methamphetamine (actual). This translates to a base offense level of 30. Inclusion of the distribution of heroin count or calculation of the converted drug weight is immaterial as it does not affect the base offense level of 30. It cannot be that Lavalais received ineffective assistance of counsel for their failure to pursue a meritless claim.

Further, Lavalais complains that he received ineffective assistance of counsel for the failure to raise policy disagreements regarding the treatment of methamphetamine in the USSG. The Fifth Circuit "has rejected similar arguments, holding that the sentencing disparity created by the 10 to one ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and, as a result, does not violate the Due Process Clause." Ortiz-Martinez v. United States, 2021 U.S. Dist. LEXIS 215149, 2021 WL 5173392, at *3 (E.D. Tex. Oct. 4, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 214811, 2021 WL 5163208 (E.D. Tex. Nov. 5, 2021), (citing United States v. Aparicio-Leon, 963 F.3d 470, 475 (5th Cir. 2020)); United States v. Molina, 469 F.3d 408, 413-14 (5th Cir. 2006) (same); United States v. Alcala, 668 F. App'x 83, 84 (5th Cir. 2016) (unpublished) (same); United States v. Nunez, 371 Fed. Appx. 478, 479 (5th Cir. 2010) (unpublished) (same). The Fifth Circuit has further recognized that, "[r]egardless of the language of the indictment, the Guidelines advise the district court to apply the offense level determined by the weight of the pure methamphetamine in the mixture or substance if doing so would result in a higher offense level." Aparicio-Leon, 963 F.3d at 475 (emphasis added) (citing U.S.S.G. § 2D1.1(c) n.(B); Molina, 469 F.3d at 414; United States v. Collamore, 330 F. App'x 708, 718-719 (10th Cir. 2009).

The failure to raise a policy disagreement with the generally accepted treatment of methamphetamine (actual) and mixtures containing methamphetamine within this Circuit cannot

10

be considered "outside the wide range of professionally competent assistance." Nor does Lavalais explain how there is a reasonable probability that such a policy disagreement would prevail over established circuit precedent. He cannot satisfy either factor of the Strickland test and thus his claims of ineffective assistance of counsel must fail.

IV.   **CONCLUSION**

It being apparent from the motion and supporting memorandum, and the files and records of the case that Lavalais is not entitled to relief under 28 U.S.C. § 2255, it is hereby **ORDERED, ADJUDGED, and DECREED** that Damien Romain Lavalais's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

THUS DONE AND SIGNED at Alexandria, Louisiana this 14th day of January 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT